## IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT JACKSON

_____

|  |  |  |
|---|---|---|
| **KENNETH R. DOWNING and wife,** | ) | Shelby County Circuit Court |
| **BERTIE DOWNING**, | ) | No. 51371 T.D. |
|  | ) |  |
| Plaintiffs/Appellees. | ) | C. A. NO. 02A01-9608-CV-00177 |
|  | ) |  |
| VS. | ) | HON. ROBERT A. LANIER, JUDGE |
|  | ) |  |
| **CITY OF MEMPHIS,** | ) | **AFFIRMED & REMANDED** |
|  | ) |  |
| Defendant/Appellant. | ) | OPINION FILED: |
|  | ) |  |

**FILED**

**May 16, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

**Monice Moore Hagler**, City Attorney
**Alicia A. Howard**, Assistant City Attorney
for Defendant/Appellant.

**R. Layne Holley**, BOURLAND, HEFLIN, ALVAREZ, HOLLEY & MINOR, PLC Memphis, Tennessee, for Plaintiffs/Appellees.

_____

### MEMORANDUM OPINION[1]
_____

**Farmer, J.**

Kenneth R. Downing and Bertie Downing sued the City of Memphis[2] for injuries and damages sustained by Mr. Downing and Mrs. Downing's loss of consortium as a result of a vehicular accident at the intersection of Lamar and Winchester in Memphis. The automobile driven by Mr. Downing collided with a police car driven by Officer Lezley Johnson of the Memphis Police Department.

Mr. Downing was proceeding west on Winchester and turning left to go south on Lamar. Officer Johnson was traveling east on Winchester. It was Downing's contention that he

---

[1]**Rule 10 (Court of Appeals).** **Memorandum Opinion**. -- (b) The Court, with concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

[2]Plaintiffs also sued Officer Lezley Johnson who was dismissed pursuant to T.C.A. § 29-20-310(b) of the Governmental Tort Liability Act.

1

turned left on a green arrow and Officer Johnson's contention that she entered the intersection on a yellow light when the collision occurred.

Following a bench trial, the trial judge found in favor of the plaintiffs and awarded a judgment which was reduced by 10% which the court found Mr. Downing to have contributed to the accident. The City appeals and presents the following issues:

> 1. Whether the trial court erred in finding the Defendant, City of Memphis, liable in this case against the weight, and preponderance of the evidence.
>
> 2. Whether the trial court erred in its finding that Plaintiff Kenneth Downing's negligence only amounted to ten percent (10%) of the total negligence in this cause.

The trial court made the following findings:

> There is a direct dispute as to the cause of the accident and the color of the traffic signal at the intersection where the collision took place. It is undisputed that the plaintiff was making a left turn and his vehicle was struck on the front passenger door by the front of the police [car] driven by the police officer, Lezley Johnson, who was following a traffic violator through the intersection at about 45 miles per hour. The police car was not displaying blue lights or sounding its siren. The plaintiff and defendant vehicles were proceeding in opposite directions as they entered the intersection and plaintiff began a left turn.
>
> The preponderance of the evidence is that the plaintiff was making his turn with the green left turn "arrow" in his favor, and the red light displayed toward the defendant's driver. Although both sides produced independent witnesses in their respective favors, the witness for the defendant was confused in his testimony, while the witnesses of the plaintiff were credible. The court finds, however, that the plaintiff was, to some extent, negligent, in failing to keep a more careful lookout for vehicles like the defendant's, which might be traversing the intersection despite the light. The car which the police car was following passed through the intersection to plaintiff's left. The fact that a motorist has the right of way at an intersection does not relieve him of the duty to use reasonable care to avoid an accident. *Nash v. Greer*, 57 Tenn. App. 191, 417 S.W.2d 562. The court finds this negligence to amount to ten percent (10%) of the total negligence, and, therefore, not a bar to plaintiff's recovery.

The record reveals the following testimony: Erma Jean Patterson was traveling north

2

on Lamar in the curb lane. The traffic light for north bound traffic on Lamar turned yellow as she approached it and she stopped as the light turned red. She was the first car at the intersection in her lane. She saw a red car come into the middle of the intersection making a left turn from Winchester on to Lamar and at that time her light was still red. The red car, driven by Mr. Downing, was west bound on Winchester before attempting to turn left onto Lamar. She estimates she had been at the red light about 5 seconds when the collision occurred. When she first saw the police vehicle it had already entered the intersection. Her windows were down and she observed no blue lights, siren or horn from the police vehicle prior to their collision.

Chanya Wallace, Ms. Patterson's daughter, was seated in the back seat passenger side of the Patterson vehicle. She observed the red vehicle preparing to make a left turn and the police car approaching the intersection from her left. As they approached the intersection, the light was yellow and her mother stopped as it turned red. She also observed that the south bound traffic on Lamar was stopped. The police car and red car collided and the red car hit the Patterson vehicle. The blue lights and siren of the police car were not engaged.

Cheryl Holt was driving north on Lamar. She did not see the police vehicle until after impact but did not see a blue light nor hear a siren. She was in the left lane beside the Patterson vehicle. Her vehicle was the lead vehicle in her lane. When she first observed her traffic signal it was green. She observed it change to yellow and then red as she stopped. The light was red for north bound traffic on Lamar when Mr. Downing began his left turn. There is also a left turn lane for north bound traffic on Lamar to turn west onto Winchester. The Patterson vehicle was a little bit in front of hers and she testified that she doesn't believe she had actually come to a complete stop when the accident occurred. South bound traffic on Lamar was also stopped.

Dennis Ballard was a passenger in his car which was being driven by Ms. Holt. Ms. Holt brought the vehicle to a stop as the light changed from yellow to red. He observed no blue lights, headlights or siren engaged on the police vehicle.

Manoocheher Tanhaee is a traffic design engineer with the City of Memphis. He

3

described the Lamar and Winchester intersection as an 8-face signal. He testified that when vehicles traveling north on Lamar come to a stop at the red light, the next sequence in the traffic signals would then be left turn arrows for east bound/west bound traffic on Winchester.

Kenneth R. Downing testified that he had the green turn arrow when he began his turn and at the time that he was struck by the other vehicle. The north bound and south bound traffic was completely stopped. He did not hear a siren, horn or skid marks nor did he observe a blue flashing light on the vehicle that collided with his. The vehicle struck his vehicle at the right door.

Lezley Angela Johnson Currie, an officer with the Memphis Police Department, observed a Cadillac run a red light at the intersection of Getwell and Winchester. She pursued it east bound on Winchester. The pursued vehicle went through the intersection of Winchester and Lamar on a green light. She testified that as she approached that intersection the light for her turned yellow. She observed a red vehicle making a left turn in front of her at which time she blew her horn. At that time she testified that she observed that her light had not yet turned red. It is her testimony that she entered the intersection on a yellow light. She had not gotten close enough to the Cadillac to run its tags and had not engaged her emergency equipment. She estimated her speed at 45 m.p.h.

Michael Anthony Dennis testified that he was traveling east bound on Winchester approaching a traffic signal at Lamar. He later testified he wasn't sure whether he was going east or west but the police vehicle was going the opposite direction from him on Winchester. He was not sure which lane he was in. His light turned yellow and when he saw the police car he stopped. Had he not seen the police car, he believes he could have cleared the intersection while the light was still yellow. By the time the light turned red, the accident had already taken place.

Our review of this matter is *de novo* upon the record with a presumption that the trial court's findings of fact are correct unless the evidence preponderates to the contrary. Rule 13(d) T.R.A.P. Where issues of credibility and weight of oral testimony are involved, the trial court is the best judge of the credibility of witnesses and its findings of credibility are entitled to great weight. This is true because the trial court alone has the opportunity to observe the appearance and demeanor

4

of the witnesses. ***Tenn-Tex Properties v. Brownell-Electro***, 778 S.W.2d 423 (Tenn. 1989).

Upon reviewing this record, we do not find the evidence to preponderate against the trial court's findings. The judgment of the trial court is affirmed and the costs of this cause are taxed to the appellant for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
HIGHERS, J. (Concurs)